## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BARBARA R. GUDEMAN
and EDWARD J. GUDEMAN,

      Plaintiffs,

                                Civil Action No. 13-13341

v.                                Honorable Denise Page Hood

SAXON MORTGAGE SERVICES, INC.,
OCWEN FINANCIAL CORPORATION and
MORGAN STANLEY PRIVATE BANK, N.A.,

      Defendants.

_____/

## OPINION AND ORDER DENYING MOTION TO DISMISS
## and
## SETTING SCHEDULING CONFERENCE

## I.    BACKGROUND

This matter was removed from the Oakland County Circuit Court, State of Michigan on August 5, 2013. Plaintiffs Barbara R. Gudeman and Edward J. Gudeman filed an action against Defendants Morgan Stanley Private Bank, N.A. f/k/a Morgan Stanley Dean Witter Credit Corporation ("Morgan Stanley"), Saxon Mortgage Services, Inc. ("Saxon"), and Ocwen Financial Corporation ("Ocwen") (collectively, "Defendants") alleging: Breach of Contract (Count I); Slander of Title(Count II); and, Specific Performance (Count III).

The property at issue is located in Bloomfield Township, Michigan. On

December 27, 1999, a Mortgage was obtained from Morgan Stanley which was recorded in the Oakland County Register of Deeds on January 27, 2000. (Comp., ¶ 4) Saxon serviced the Mortgage. (Comp., ¶ 5) Ocwen is an Assignee and Purchaser of the Mortgage as recorded in the Oakland County Register of Deeds. (Comp., ¶ 6) Plaintiffs assert that the Mortgage was fully satisfied, leaving a zero balance for the loan securing the Mortgage. (Comp., ¶ 7) Notwithstanding the satisfaction of the loan and Mortgage, Defendants have failed to provide Plaintiffs with a discharge of the Mortgage, despite numerous requests by Plaintiffs. (Comp., ¶ 8) Plaintiffs are unable to refinance and refusal to discharge the Mortgage is a breach of the conditions of the Mortgage. (Comp., ¶¶ 9-10)

This matter is now before the Court on Ocwen's Motion to Dismiss. Morgan Stanley and Saxon joined in the motion. A response and reply have been filed.

## II.   ANALYSIS

### A.   Standard of Review

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do[.]  Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted).  Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard."  *Id.* at 563.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.  Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation.  *Ashcroft v. Iqbal,* 556 U.S. 662, 681  (2009).  In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a

3

plaintiff to relief.  *Id.*  Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account.  *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

### B.   Discharge/Satisfaction of Mortgage

This matter involves a second mortgage on the property at issue granted by Plaintiffs to Morgan Stanley on December 27, 1999.  On June 28, 2007, Edward Gudeman filed a Voluntary Petition for chapter 7 bankruptcy.  (Ex. 2, Motion)  On December 20, 2007, Edward Gudeman's debts were discharged.  (Ex. 5, Motion)  Saxon thereafter sent a letter to Edward Gudeman indicating the loan was charged off on April 29, 2011, and a 1099-C Cancellation of Debt form indicating that the $207,910.07 debt was cancelled by Morgan Stanley.  (Ex. 6, Motion)  On June 14, 2012, the Mortgage was transferred to Ocwen for servicing.

Defendants argue that Plaintiffs have failed to state a claim upon which relief may be granted since the Mortgage has not been discharged and that Defendants have no duty to discharge the Mortgage.  They assert that all three claims alleged by

4

Plaintiffs against the Defendants must be dismissed since they have no duty under Michigan or federal law to discharge the Mortgage.  Defendants argue that the bankruptcy discharge is as to the personal loan, but not as to the "in rem" portion under the Mortgage.

Plaintiffs respond that they are not arguing that the bankruptcy discharge served to cancel the underlying note, agreeing that the bankruptcy discharge extinguishes the liability on the note and that the bankruptcy discharge is an injunction against the enforcement of the note.  Plaintiffs instead argue that Defendants voluntarily extinguished the liability on the note years after the bankruptcy filing since Defendants cancelled and extinguished the underlying debt.  Plaintiffs claim that since there is no debt, then there can be no lien to foreclose and the mortgage is discharged as well, citing *Fifth Third Bank v. Danou Technical Park, LLC,* 2012 WL 933953 (Mich. App. Mar. 20, 2012).

Defendants reply that the issuance of Form 1099-C does not operate to extinguish the Mortgage and that the informational letter sent with the Form 1099-C is not an admission by the creditor that it has discharged the debt and can no longer pursue collection.  Defendants also assert that Plaintiffs failed to address the Michigan statute, MCL § 545.41 and MCL § 545.44(1) in their response.

A discharge of a Mortgage is governed by MCL § 565.41 which provides,

5

> (1) Within the applicable time period in section 44(2) after a mortgage has been paid or otherwise satisfied, the mortgagee or the personal representative, successor, or assign of the mortgagee shall prepare a discharge of the mortgage, file the discharge with the register of deeds for the county where the mortgaged property is located, and pay the fee for recording the discharge.

MCL § 565.41(1).  Liability for refusal or neglect to discharge is governed by MCL § 656.44:

> (1)  If a mortgagee or the personal representative or assignee of the mortgagee, after full performance of the condition of the mortgage, whether before or after a breach of the mortgage, or, if the mortgage is entirely due, after a tender of the whole amount due, within the applicable time period in subsection (2) after being requested and after tender of the mortgagee's reasonable charges, refuses or neglects to discharge the mortgage as provided in this chapter or to execute and acknowledge a certificate of discharge or release of the mortgage, the mortgagee is liable to the mortgagor or the mortgager's heirs or assigns for $1,000.00 damages.  The mortgagee is also liable for all actual damages caused by the neglect or refusal to the person who performs the condition of the mortgage or assigns, or to anyone who has an interest in the mortgaged premises.  Damages under this section may be recovered in an action for money damages or to procure a discharge or release of the mortgage.  The court may, in its discretion, award double costs in an action under this section.

MCL § 565.44(1).

Even though bankruptcy may discharge a debtor's personal liability on a mortgage note, bankruptcy does not discharge a debtor's *in rem* liability on the mortgage lien.  *Johnson v. Home State Bank,* 501 U.S. 78, 84 (1991); *Atwood v.*

6

*Schlee,* 269 Mich. 322, 325 (1934); *In re Glance,* 487 F.2d 317, 320-21 (6th Cir. 2007). The case cited by Plaintiffs, *Fifth Third Bank,* is not applicable since it was an action to quiet title and did not involve a discharge under bankruptcy proceedings, but a transfer of property as payment for the debt secured by a note with a mortgage. *Fifth Third Bank,* 2012 WL 933983, at 6. In that case, the appellate court found that the transfer of the property was considered a payment in full under the note, therefore since the note was fully paid, a foreclosure action could not be commenced to secure a payment of a non-existent debt. *Id.* at *7. Here, none of the Defendants are seeking a foreclosure action, therefore, *Fifth Third Bank* is not applicable and there is no requirement that the Mortgage be discharged.

In this case, all parties agree that there was no payment of the underlying debt, but that the debt was discharged in bankruptcy. Plaintiffs argue that the June 3, 2013 letter to Plaintiffs by Morgan Stanley indicating that the loan was "charged off" on April 29, 2011 and that they no longer have any obligations to Saxon and that the balance owed on the loan is $0.00 is evidence of a "discharge" of the note. They claim that since the note has been "discharged" by Morgan Stanley, this means that the Mortgage is "satisfied" and is voluntarily extinguished. Plaintiffs argue that Defendants have not attempted to collect the debt from Barbara Gudeman, since she has not filed for bankruptcy, which is further evidence that the underlying Mortgage

has been satisfied.

There is no specific case cited by any party in Michigan or this Circuit that holds that a mortgage is discharged based on a letter with a Form 1099-C. Michigan courts have held in general that "[i]t is a general rule that the cancellation of a mortgage on the record is not conclusive as to its discharge, or as to the payment of the indebtedness of secured thereby." *Schanhite v. Plymouth Savings Bank,* 277 Mich. 33, 39 (1936). It is "the well-settled rule that the acceptance by a mortgagee of a new mortgage and his cancellation of the old mortgage do not deprive the mortgage of priority over intervening liens." *Washington Mut. Bank v. ShoreBank Corp.,* 267 Mich. App. 11, 126 (2005).

In this district, a quiet title action by a plaintiff was dismissed where the plaintiff had purchased a property under a warranty deed from another who had received a Form 1099-C cancellation of debt. The plaintiff was under the impression that her interest was superior to the mortgage subject to the Form 1099-C. The district court noted that the plaintiff's mortgage was not superior to the previously recorded mortgage. *See Richards v. Bank of New York Mellon,* 2013 WL 4054586 (E.D. Mich. Aug. 12, 2013). Courts in Michigan which have interpreted the term "otherwise satisfied" in MCL § 565.41 have held that if "evidence" is shown as to the intention of the transaction that it was not intended to "satisfy" the mortgage, then as a matter

8

of law, the mortgage is not discharged. *Agema, L.L.C. v. GreenStone Farm Credit Services, F.L.C.A.,* 2013 WL 296656 (Mich. App. May 14, 2013). The *Hermiz* case cited by Defendant is inapplicable since it did not involve a Form 1099-C letter as in this case. *Hermiz v. Kamma*, 2005 WL 2806226 (Oct. 27, 2005).

In this case, the Court finds that at this Rule 12(b)(6) stage, Plaintiffs have stated a claim that it was the "intention" of Defendants to "satisfy" the mortgage based on its Form 1099-C letter. There may be "evidence" that Defendants did not intend for the Form 1099-C letter to act as a discharge of the mortgage, which can be developed through discovery. However, no cases in this Circuit or in Michigan have held that under the Michigan statute governing discharges of mortgages, MCL § 565.41, the Form 1099-C letter does not constitute a discharge of the underlying mortgage and, applies to the "otherwise satisfied" language of the statute. As noted above, the Courts in Michigan interpreting MCL § 565.41 have reviewed "evidence" to determine whether the "otherwise satisfied" language was fulfilled as to the intention of the mortgagee to discharge the mortgage.

## III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion to Dismiss **(Doc. No. 5)** is DENIED.

IT IS FURTHER ORDERED that Defendants file an Answer by April 7, 2014.

IT IS FURTHER ORDERED that a Scheduling Conference is set in this matter

for **April 28, 2014, 2:00 p.m.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  March 28, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager